IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DMT MACTRUONG, et al.,**

      **Plaintiffs,**

v.

**MIKE DEWINE, et al.,**

      **Defendants.**

Civil Action 2:22-cv-2908
Judge Michael H. Watson
Magistrate Judge Kimberly A. Jolson

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Dmt MacTroung, a New Jersey resident who is proceeding *pro se*, brings this action against various state and federal officials. This matter is before the Undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint (Doc. 1-1) under 28 U.S.C. § 1915(e)(2).

Plaintiff's request to proceed *in forma pauperis* (Doc. 1) is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint (Doc. 1-1) as frivolous.

**I.    STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). This occurs when "indisputably meritless" legal

theories underlie the complaint, or when a complaint relies on "fantastic or delusional" allegations. *Flores*, 2014 WL 358460, at *2 (citing *Neitzke*, 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Yet, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer,* 325 F. App'x 427, 429–30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

**II.   DISCUSSION**

Plaintiff's allegations seem to be motivated by his disagreement with the recent Supreme Court case *Dobbs v. Jackson Women's Health Organization*, which overruled *Roe v. Wade*. (*See e.g.*, Doc. 1-1, ¶¶ 54, 67). He brings this case against fourteen state and federal officials, including Ohio Governor Mike DeWine, several Justices of the Supreme Court of the United States, and former President Donald J. Trump. (*Id.*, ¶¶ 28–41). In addition to himself, Plaintiff purports to bring this lawsuit on behalf of more than twenty additional Plaintiffs, including NARAL Pro-Choice America; federal officials such as Vice President Kamala Harris and Representative Liz Chaney; and celebrities such as Bill Gates, Tiger Woods, and Tom Hanks. (*Id.*, ¶¶ 7–27).

The central allegation in Plaintiff's complaint is that Defendants are co-conspirators in a

2

plot to defeat *Roe v. Wade*. (*Id.* at 21–23). He seeks thirty-six billion dollars in damages on behalf of NARAL Pro-Choice America, in addition to damages for himself. (*Id.* at 22–23). He also requests that the Defendant Justices immediately resign or "be impeached and tried with due process for attempted mass murder, treason, and perjury . . . ." (*Id.*, ¶ 71).

Plaintiff's Complaint contains a wide range of unintelligible accusations, and seemingly false and irrelevant details. For example, the caption of the complaint says:

> Plaintiffs' complaint against Defendants acting in concert to commit mass murders, establish slavery, reckless endangerment, egregious aggravated violation of women and their loved ones' constitutional and legal rights to freedom, enjoy sex, and privacy, pursue happiness, and to absolutely control their lives and bodies, under the color of state laws in willful violation of the U.S. Constitution as being upheld by [the Supreme Court of the United States] in *Roe v Wade*, and of Plaintiff MacTruong's copyrighted original intellectual properties entitled "the CCO network," having been designed to detect and prosecute any illegal activity by private citizens.

(*Id.* at 1). He also says that:

> In brief, Plaintiffs CCO Network may be compared to a sharp knife. It is very useful for many purposes but also very dangerous if it is in the hands of criminals and murderers ready to use it to violate the most intimate private lives of thousands or even millions of people daily worldwide just to satisfy their naïve ludicrous misplaced uneducated religious belief in [what] they call the helpless unprotected unborn children, for whom they now appoint themselves to be heroic angelic rescuers timely appearing to save at any cost, without realizing that their mindless and heartless anti-abortion legislation would surely condemn many of their own beloved innocent [women] to lead a terrifying eternal humiliating life after [sexual assault].

(*Id.*, ¶ 43 (graphic language removed)). Unrelated to this claim, Plaintiff says that he is a "world-renown philosopher"; he was recommended by Senators to former President Bill Clinton to become a Justice of the Supreme Court of the United States; he invented a 3-D printed "Manhattan-sized Spaceships traveling throughout the Solar system"; and he created the "greatest movie of all time" starring Britney Spears, Clint Eastwood, and Ronald Reagan—who would have been deceased at the time. (*Id.* at ¶¶ 6, 42).

3

At base, Plaintiff's Complaint provides insufficient factual content or context from which the Court could reasonably infer that Defendants violated his rights. Accordingly, he has failed to satisfy the basic federal pleading requirements set forth in Rule 8(a). *Twombly*, 550 U.S. at 555. Moreover, these allegations are so nonsensical as to render his Complaint frivolous. As detailed above, a claim is frivolous if it lacks "an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. The former occurs when "indisputably meritless" legal theories underlie the complaint, and the latter when it relies on "fantastic or delusional" allegations. *Id*. at 327–28. This Court is not required to accept the factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz*, 325 F. App'x at 429–30 (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

Ultimately, Plaintiff's allegations "constitute the sort of patently insubstantial claims" that deprive the Court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009). Because Plaintiff's Complaint is premised on such incomprehensible allegations, the Undersigned finds he has failed to state a plausible claim for relief, and it is **RECOMMENDED** that this action be **DISMISSED** as frivolous. *See Flores*, 2014 WL 358460, at *3.

## III. CONCLUSION

For the foregoing reasons, the Undersigned **GRANTS** the Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint (Doc. 1-1) as frivolous. Given the recommendation that this Complaint be dismissed, it is also **RECOMMENDED** that Plaintiff's Motion for Summary Judgment (Doc. 2) be **DENIED as moot**.

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: August 16, 2022    s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE