UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Dmt MacTroung, et al.,**

    **Plaintiffs,**

    v.

**Governor Mike DeWine, et al.,**

    **Defendants.**

Case No. 2:22-cv-2908

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Dmt MacTruong ("Plaintiff") proceeds *pro se* and *in forma pauperis*. Compl., ECF No. 3. His Complaint purports to be joined by a slew of additional plaintiffs, such as Vice President Kamala Harris, billionaire Melinda Gates, and professional football quarterback Tom Brady, but it is not signed by any of them.[1] *Id.* Plaintiff sues myriad defendants, including Ohio Governor Mike DeWine, four Supreme Court Justices, and former President Donald Trump.[2] *Id.*

Upon initial screen pursuant to 28 U.S.C. § 1915(e)(2), Magistrate Judge Jolson issued a Report and Recommendation ("R&R") and recommended the Court

---

[1] In total, the listed plaintiffs are: NARAL Pro-Choice America, Kamala Harris, Jill Biden, Nancy Pelosi, Rudy Giuliani, Kathleen C. Hochul, Adam Schiff, Michael R. Pence, Liz Cheney, Diane Sawyer, Ed O'Keefe, Sarah Palin, Adam Kinzinger, Bill Gates, Tom Brady, Tiger Woods, Tom Cruise, Tom Hanks, Steven Spielberg, Melinda Gates, and George Soros. Compl. ¶¶ 7–27, ECF No. 3. Mackenzie Scott is listed in the heading and the "Affirmation of Service" but not within the body of the Complaint. *See generally, id.*

[2] The full list of defendants is: Mike DeWine, Dave Yost, Rob McColley, Kristina Roegner, Jean Schmidt, Todd Rokita, Donald J. Trump, Virginia Thomas, Samuel Alito, Amy Coney Barrett, Neil Gorsuch, Brett M. Kavanaugh, Clarence Thomas, and John Roberts. Compl. ¶¶ 28–41, ECF No. 3.

dismiss Plaintiff's Complaint as frivolous. R&R, ECF No. 4. Plaintiff timely objected. Obj., ECF No. 5.

## I. FACTS

At bottom, Plaintiff's Complaint alleges a vast conspiracy to violate his copyright or patent.[3] Compl. ¶1, ECF No. 3. Specifically, Plaintiff alleges that he patented numerous inventions, including "Life after Death," "Tele-mining or Tele-building on Jupiter and other planets of the Solar System," "3D-printing Manhattan-sized Spaceships," "underwater habitable cities," and "Dmt-Safe Nuclear Plants" "which would save our planet from both world wars and climastrophes." Compl. ¶ 42, ECF No. 3. One such invention is called THE CCO NETWORK ("The CCO Network"), which is a patented/copyrighted piece of proposed legislation that would make it "practically impossible for any two or more criminal-minded people to act in concert to commit any act . . . prohibited by law." *Id.*; *id.* ¶ 43. Apparently, the at-issue patentable/copyrighted aspect of The CCO Network is that it "recruit[s] private citizens to help democratically elected government officials to enforce the law[.]" *Id.*; *see also* Obj. 4, ECF No. 5 ("I am the copyrighted author of the unique idea and intellectual property using private citizens to detect and prosecute criminal activities that would require more than one persons to carry out . . . ."). Although The CCO Network can be used for good, "if misused . . . [it] would present the greatest dangers to people's freedom and privacy[.]" Compl. ¶ 43, ECF No. 3.

---

[3] The Complaint interchangeably refers to Plaintiff's intellectual property right as a patent and a copyright.

Plaintiff then makes numerous allegations about the unconstitutionality of Ohio's so-called Heartbeat Law[4] and the Supreme Court of the United States's decision in *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022). *Id.* ¶¶ 43–71.

Based on these facts, Plaintiff asserts three duplicative causes of action. Namely, he alleges that all Defendants conspired to deprive women of their fundamental constitutional rights through abortion regulation and did deprive women of those rights by plagiarizing Plaintiff's "copyrighted invention of the CCO Network proposed legislation[.]" *Id.* at PAGEID ## 138–40.

Plaintiffs seeks $3,000,000 in damages to himself for the copyright/patent infringement, a total of $36,000,000,000 in damages to NARAL Pro-Choice America ($1,000 per woman of child-bearing age), and $1,000,000 in damages for pain and suffering for each of the twenty-three Plaintiffs listed in the Complaint. *Id.* at PAGEID # 139–40. Plaintiff further seeks: (1) a declaratory judgment that Ohio's Heartbeat Law is unconstitutional and violates *Roe v. Wade*, (2) an order referring all Defendants to the United States Department of Justice for criminal prosecution, (3) and 10% interest on the monetary damages. *Id.* at PAGEID # 141.

---

[4] On October 7, 2022, a judge issued a permanent injunction against the enforcement of Ohio's Heartbeat Law (Senate Bill 23). *Preterm Cleveland v. David Yost*, No.A 2203203 (Oct. 7, 2022 ruling from the bench). However, because Plaintiff's Complaint fails for other reasons, the Court need not address whether the injunction moots any aspect of Plaintiff's Complaint.

## II. R&R

The R&R recommends dismissing Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) as nonsensical and frivolous. R&R, ECF No. 4.

## III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews de novo those portions of the R&R that were properly objected to.

## IV. ANALYSIS

In his objections to the R&R, Plaintiff reiterates that he sues Defendants for patent/copyright infringement but also implies that he sues Defendants for violating the constitutional rights of childbearing-aged women. Obj. 2, ECF No. 5.

### A. Plaintiffs Other Than MacTruong

This Court begins by dismissing every named plaintiff save MacTruong. As none of the other purported plaintiffs have signed the Complaint, and Plaintiff cannot represent other people in his *pro se* capacity, their claims must be dismissed. Fed. R. Civ. P. 11(a) (requiring a signature on every pleading and requiring a court to strike any pleading that lacks a signature); *Zanecki v. Health Alliance Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) ("Because, by definition, pro se means to appear on one's own behalf, a person may not appear pro se on another person's behalf in the other's cause of action." (internal quotation marks and citation omitted)).

## B. MacTruong's Intellectual Property Claims

Plaintiff's claims for copyright and patent infringement fail as a matter of law. One cannot own a copyright in a piece of proposed legislation, such as The CCO Network purports to be. *Cf. Long v. Jordan*, 29 F. Supp. 287, 289 (N.D. Cal. 1939) ("A copyright on an exposition of a system of government cannot prevent the use of that system as intended."). Indeed, one cannot copyright an idea, including the idea of private citizens working together to detect and report criminal conspiracies. 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work."); *Google LLC v. Oracle America, Inc.*, 141 S. Ct. 1183, 1196 (2021) ("[U]nlike patents, which protect novel and useful ideas, copyrights protect 'expression' but not the 'ideas' that lie behind it." (citation omitted)).

Moreover, although patents can protect some ideas, they do not protect abstract ideas. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014).

Thus, as other courts have concluded, Plaintiff's copyright and patent claims fail as a matter of law. *Truong v. Stitt*, No. CIV-22-491-R, 2022 WL 2820115, at *2 (W.D. Oklahoma, July 19, 2022) ("Simply stated, Plaintiff's idea of creating community civic officers who could issue tickets to violators of enforceable city regulations or ordinances is an idea, not subject to copyright."); *Cf. MacTruong v. Abbott*, No. 1:22-CV-00476-LY, 2022 WL 4000376, at *3 (W.D. Texas, August 31, 2022) ("The Court lacks jurisdiction over [MacTruong's copyright] claim due to the

fantastical nature of Plaintiff's allegations."); *Troung v. DeSantis*, No. 4:22-cv-216-AW-MAF, 2022 WL 4281548, at *1 (N.D. Florida, August 19, 2022) ("[T]his case is frivolous.").

## C. MacTruong's Constitutional Claims

Plaintiff lacks standing for his claim alleging that Ohio's Heartbeat Law (or, to the extent he alleges it in his Complaint, the Supreme Court's decision in *Dobbs v. Jackson Women's Health Organization*) violates various substantive due process rights of childbearing-aged women. Despite Plaintiff's argument to the contrary, neither: (1) his status as a naturalized United States citizen; (2) the fact that he has a daughter of childbearing age; (3) the fact that he wishes to engage in sexual intercourse without being "overly concerned about [the woman] accidentally getting pregnant without any possibility of having a timely safe and convenient induced miscarriage, or being treated by some unconstitutional State laws as criminals;" (4) his invention of wireless sex; nor (5) his ownership of the aforementioned intellectual property rights in The CCO Network confer the necessary standing.

"Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'" *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Id.* (internal quotation marks and citations omitted). Article III standing requires: (1) an injury in fact, (2) fairly traceable to the defendant's conduct, (3) that is likely redressable by a favorable ruling. *Sandusky Cty. Democratic Party v. Blackwell*, 387 F.3d 565, 573 (6th Cir. 2004) (citations omitted). Each element must be proven with the requisite "degree of evidence

required at the successive stage of the litigation." *Lujan v. Def.s of Wildlife*, 504 U.S. 555, 561 (1992). "The party invoking federal jurisdiction bears the burden of establishing these [standing] elements." *Id.*

To allege an injury in fact, a plaintiff must allege both that a certain harm is concrete, as opposed to abstract, and that it is "actual or imminent, not 'conjectural' or 'hypothetical.'" *Whitmore v. Ark.*, 495 U.S 149, 155 (1990) (internal citation omitted). With respect to the latter requirement, "[a]llegations of possible future injury do not satisfy the requirements of Art. III. A threatened injury must be 'certainly impending' to constitute injury in fact." *Id.* at 158 (internal quotation marks and citations omitted).

The injury must further be particularized to the plaintiff; a "'generalized grievance', no matter how sincere, is insufficient to confer standing." *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013); *id.* at 705 ("To have standing, a litigant must seek relief for an injury that affects him in a 'personal and individual way.'" (quoting *Lujan*, 504 U.S. at 560 n.1)).

"The litigant must clearly and specifically set forth facts sufficient to satisfy these Art. III standing requirements. A federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore v. Ark.*, 495 U.S. at 155–56 (internal citation omitted).

Here, by his own allegations, Plaintiff is a male citizen of New Jersey and has lived there since 2008. Compl. ¶¶ 6, 42, ECF No. 3. His Complaint alleges no connection with the State of Ohio and contains no plausible facts to indicate that Plaintiff would be "actually or imminently" personally affected in any way by Ohio's

abortion laws. As such, he lacks standing to challenge them. *Accord Stitt*, 2022 WL 2820115, at *2 ("Plaintiff, a male residing in New Jersey, is simply too far removed from Oklahoma to challenge the [abortion] statute, and furthermore, he has not alleged that he is subject to the statute he seeks to challenge. Rather, he complains throughout about the alleged violation of women's right to privacy, which clearly does not implicate his rights."); *Abbott*, 2022 WL 4000376 at *2 ("Plaintiff has not shown that he has standing to bring this claim as a man who resides in New Jersey. The complaint asserts that women's constitutional rights have been violated, but does not allege that Plaintiff has suffered an injury." (citing *Lujan v. Def. of Wildlife*, 504 U.S. 555, 563 (1992))).

## V.  CONCLUSION

For at least the above reasons, Plaintiff's Complaint fails as a matter of law. Accordingly, the Court **ADOPTS** the R&R and **DISMISSES** Plaintiff's Complaint. His copyright and patent claims are **DISMISSED WITH PREJUDICE**; his substantive due process claim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**